UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY P. PATU,

                Plaintiff,

v.

KATHY GREY, *et al.*,

                Defendants.

CASE NO. C17-1933-RAJ-JPD

REPORT AND RECOMMENDATION

Plaintiff Ricky Patu is a state prisoner who is currently confined at the Monroe Correctional Complex (MCC) – Special Offender Unit (SOU). On December 11, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint is not a model of clarity, but he appears to allege that his Eighth Amendment rights were violated when defendants denied him a pair of eyeglasses and denied his request for a furlough to attend his mother's funeral. (*See* Dkt. 1-1 at 3.) Plaintiff also appears to complain that defendants have failed to assist him with problems concerning his custody level, his legal financial obligations, and his chronic constipation. (*See id.*) Plaintiff identifies MCC employees

REPORT AND RECOMMENDATION
PAGE - 1

Kathy Grey and Sherry Pendergrass as defendants in his complaint.[1]  (*See* Dkt. 1-1 at 1, 3.) Plaintiff requests relief in the form of an unspecified amount of damages.  (*Id*. at 4.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  This Court's records reflect that plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted.  *See Patu v. Hutchins*, C15-720-BJR (dismissed December 17, 2015); *Patu v. Bennett*, C15-0775-JCC (dismissed September 9, 2015); *Patu v. Albert*, C15-0722-RSM (dismissed July 17, 2015); *Patu v. Lee*, C15-5332-RJB (dismissed June 29, 2015); and, *Patu v. Allbert*, C14-0765-MJP (dismissed September 2, 2014).  Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

Plaintiff does not assert in his complaint that he is under imminent danger of serious physical injury, nor does he allege any facts suggesting that such a danger exists.  Plaintiff therefore fails to satisfy the imminent danger exception.  Accordingly, this Court concludes that

---

[1] Plaintiff also identifies Sheryl Albert as a defendant on page two of his complaint, but he does not identify Ms. Albert as a defendant in the caption of his complaint nor does he assert any claim against Ms. Albert in the body of his complaint.  The Court therefore does not recognize Ms. Albert as a defendant in this action.

plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that plaintiff's applications to proceed *in forma pauperis* be denied.  This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 29, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 2, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this <u>8th</u> day of January, 2018.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3